UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES JOHNSON,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>      Defendant. | Case No. 15-cv-03011-KAW<br><br>**ORDER REGARDING THE COURT'S MEET AND CONFER REQUIREMENT**<br><br>Re: Dkt. Nos. 28-30 |

The Court has reviewed the letters submitted by the parties regarding their meet and confer efforts. Upon review of the letters, the Court DENIES Plaintiff's request for a conference call to enforce the meet and confer requirement, because any such request is premature. Pursuant to Paragraph 12 of the undersigned's standing order "[a]fter attempting other means to confer on the issue(s) (i.e. letter, phone call, e-mail), any party may demand such a[n in person or telephonic] meeting on ten (10) business days' notice." It is apparent from the correspondence provided that Plaintiff demanded a formal meeting before clearly identifying the perceived deficiencies in Defendant's responses to the requests for production of documents. Also, it does not appear that defense counsel is refusing to meet and confer.

The Court notes that if Request No. 2 is at the heart of this discovery dispute, even without the benefit of Defendant's response, the request, as propounded, is overbroad. Further, under Rule 26, the parties have an ongoing obligation to supplement their discovery responses when they learn new information. *See* Fed. R. Civ. P. 26. Thus, Defendant need only identify or produce those responsive documents of which it is currently aware.

The parties shall meaningfully meet and confer regarding the dispute, if any, and if they are unable to resolve any remaining dispute(s) without court intervention, they shall file a joint

1  letter that complies with the court's standing order.
2      IT IS SO ORDERED.
3  Dated: November 20, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2