UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES JOHNSON,<br>    Plaintiff,<br>    v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>    Defendant. | Case No. 4:15-cv-03011-KAW<br><br>**ORDER REGARDING 10/5/16 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 65 |

On October 5, 2016, the parties filed a joint letter to determine whether they may rely on documents produced after the June 17, 2016 non-expert discovery cutoff at summary judgment and, if necessary, at trial. (Joint Letter, Dkt. No. 65 at 1.) Both parties produced documents after the cutoff date, but Plaintiff contends that she is prejudiced by Defendant's supplemental production. (Joint Letter at 1, 3-4.)

Specifically, Plaintiff contends that she is severely prejudiced, because she would have explored the documents at the witness depositions, and would have deposed newly discovered witnesses, including three interview panelists. (Joint letter at 3-4.) Defendant argues that documents were a supplemental disclosure, as required by Rule 26, and are harmless, because the supplementation was not a surprise. (Joint Letter at 2.)

The fact discovery cutoff precludes propounding discovery or noticing depositions after the deadline. It does not preclude supplementing discovery responses. *See Learning Tech. Partners v. Univ. of the Incarnate Word*, 2016 WL 344881, at *1 (N.D. Cal. Jan. 28, 2016); *see also Evenflow Plumbing Co. v. Pac. Bell Directory*, 2005 WL 954469, at *2 (N.D. Cal. Apr. 26, 2005). Indeed, the parties have an ongoing obligation to supplement under Rule 26. Fed. R. Civ. P. 26(e)(1). To find otherwise, would extinguish a party's obligation to produce discoverable

information or responsive documents identified after the cutoff date and contravene the very purpose of Rule 26(e)'s affirmative requirement to supplement.

Accordingly, the parties may rely on documents produced after the non-expert cutoff at summary judgment.[1] If Plaintiff believes that she needs the testimony of the newly disclosed witnesses to either oppose the City's motion for summary judgment or for the purposes of trial, she is GRANTED leave to take those depositions.

Furthermore, the Court would also entertain extending the briefing schedule for the motion for summary judgment, pursuant to a stipulation by the parties, to permit those depositions to go forward prior to Plaintiff's opposition, as well as possibly continuing the February 21, 2017 trial date, in order to render any supplemental production harmless.

Finally, to the extent that Plaintiff's operative complaint contains new claims and/or allegations, Defendant is entitled to re-open her deposition only as to those new claims and allegations.

IT IS SO ORDERED.

Dated: October 14, 2016

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Whether or not documents may be relied on at trial should be the subject of motions in limine.